IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| POWER COMPONENT SALES CO. | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 02-2740 |
| | : | |
| SST BEARING CORPORATION | : | Judge Petrese B. Tucker |

PLAINTIFF'S DISCLOSURES PURSUANT TO RULE 26(a)

Pursuant to Fed.R.Civ.P. 26(a), plaintiff, Power Component Sales Co. discloses as follows:

1. Persons who may have discoverable information that Power Component Sales Co. may use to support its claims or defenses, are identified below:

Bryce Manthorne, President
Power Component Sales Co.
2228 Farmington Avenue
Boyertown, PA. 19512

Jane Manthorne
Power Component Sales Co.
2228 Farmington Avenue
Boyertown, PA. 19512

Jim Judd, Vice President of Sales
SST Bearing Corp
154 Commerce Blvd.
Loveland, OH 45140

Sharon Price, Secretary/Bookkeeper
SST Bearing Corp.
154 Commerce Blvd.
Loveland, OH 45140

Winfield Scott, President
SST Bearing Corp.
154 Commerce Blvd.
Loveland, OH 45140

Plaintiff reserves the right to modify and/or supplement the foregoing list of individuals with factual knowledge.

2. Most information and documents related to disputed facts alleged with particularity in the pleadings are in the possession and control of defendants. Some non-

privileged, non-objectionable documents are in plaintiff's possession. Other relevant documents may be in the possession of non-party entities which are or were customers of plaintiff. The following categories of documents in the possession of plaintiff are relevant to disputed facts alleged in the pleadings: (a) open order reports relating to orders placed within plaintiff's territory; (b) commission reconciliations; (c) sales representative agreement and warehouse agreement; (d) correspondence.

3. Power Component Sales Co. seeks the following categories and amounts of damages, but cannot provide precise figures until receipt of discovery from defendant and review by an expert:

 a. Power Component Sales Co. seeks damages, including unpaid commissions resulting from defendant's breach of contract, including its failure to give proper notice of termination of the parties' contracts and failure to pay commissions in accordance with the contracts;

 b. Pursuant to the Pennsylvania Commissioned Sales Representative Law, plaintiff seeks treble damages for failure to pay or improperly unpaid commissions, and attorney fees as permitted by statute;

 c. Power Component Sales Co. seeks damages representing its lost profits, loss of good will, diminution in the value of its business, and loss of income and/or commissions;

 d. Power Component Sales Co. seeks damages resulting from claims for unjust enrichment, whereby defendant was unjustly enriched by failing to pay commissions to plaintiff for product sold between the date of termination and the

           date that termination could be properly effectuated, from which defendant benefitted.

    e.    Power Component Sales Co. seeks damages resulting from defendant's interference with Power Component Sales Co.'s economic relations with its customers, including lost profits and/or diminution in the value of Power Component Sales Co.'s business, as well as punitive and exemplary damages.

    f.    Power Component Sales Co. seeks interest payable on the damages sought and costs as permitted by law.

    g.    Power Component Sales Co. seeks such other damages as may be discovered in the course of this action.

    4.    There are no known insurance agreements covering any claims or defenses in this case.

Dated: October 4, 2002

                                                s/Mitchell A. Kramer
                                                Mitchell A. Kramer
                                                Kramer & Kramer, LLP
                                                1077 Rydal Road, Suite 100
                                                Rydal, PA  19046
                                                (215) 887-9030

S:\Power Component Sales Co.\mandatorydisclosure

**CERTIFICATE OF SERVICE**

I hereby certify that I have this date served a true and correct copy of Plaintiff's Disclosures Pursuant to Rule 26(a) via first class mail on counsel for defendant as follows:

>Kathryn A. Dux
>GERMAN, GALLAGHER & MURTAGH
>Fifth Floor, The Bellevue, 200 S. Broad Street
>Philadelphia, PA 19102

>Deborah R. Lydon, Esquire
>DINSMORE & SHOHL, LLP
>1900 Chemed Center
>255 E. 5th Street
>Cincinnati, OH 45202

>>s/Mitchell A. Kramer
>>Mitchell A. Kramer
>>Attorney for Plaintiff

Dated: October 4, 2002