IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| POWER COMPONENT SALES CO. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | NO: 02-2740 |
| SST BEARING CORPORATION | : | Judge Petrese B. Tucker |
| | : | |
| | : | |

## MOTION TO COMPEL DISCOVERY

Plaintiff, Power Component Sales Co. ("Power Component"), by and through its attorneys, Kramer & Kramer, LLP, moves, pursuant to Fed.R.Civ.P. 37, for the reasons set forth in the attached memorandum of law, for an order compelling defendant to respond to plaintiff's First Set of Interrogatories and Request for Production of Documents discovery without objection as a result of the failure of defendant to file complete or timely responses to plaintiff's said discovery requests.

Pursuant to Local Rule 26.1, a certification concerning the parties' attempts to resolve these discovery disputes is attached.

Respectfully submitted,

Date: October 14, 2002     _____

Mitchell A. Kramer
KRAMER & KRAMER, LLP
1077 Rydal Road, Suite 100
Rydal, PA 19046
(215) 887-9030

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| POWER COMPONENT SALES CO. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | NO: 02-2740 |
| SST BEARING CORPORATION | : | Judge Petrese B. Tucker |
| | : | |
| | : | |

**ORDER**

AND NOW, this _____ day of _____, 2002, it is hereby

ORDERED AND DECREED as follows:

Defendant shall respond fully and without objection, to Plaintiff's First Set of Interrogatories and Request for Production of Documents within \_\_\_\_\_ days of the date of this Order.

BY THE COURT:

_____
J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| POWER COMPONENT SALES CO. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | NO: 02-2740 |
| SST BEARING CORPORATION | : | Judge Petrese B. Tucker |
| | : | |
| | : | |

PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS

I.   Introduction

Plaintiff Power Component Sales Co. ("Power Component"), through counsel, respectfully moves the Court to compel defendant, SST Bearing Corporation ("SST") to respond to Plaintiff's First Set of Interrogatories and Request for Production of Documents, fully and without objection.

II.   Factual And Procedural Background

Plaintiff, Power Component Sales Co. ("Power Component") initiated this action on May 7, 2002, by filing a three-count complaint against defendant, SST Bearing Corporation ("SST"), alleging two breach of contract claims and violation of the Pennsylvania Commissioned Sales Representatives Law ("Pennsylvania sales representatives law"). Plaintiff is a Pennsylvania corporation with its principal place of business in Pottstown, Pennsylvania. Plaintiff entered into a "Sales Representative Agreement" with SST, an Ohio corporation, on or about February 24, 1997, to be SST's sales representative and solicit wholesale orders from customers on behalf of

1

SST in a designated sales territory, including the Eastern District of Pennsylvania. *See* Sales Representative Agreement, attached hereto and made part hereof as Exhibit 1. Plaintiff's sales territory consisted of twelve states in the United States, including Pennsylvania. *See* Exhibit B to the Sales Representative Agreement, attached hereto as Exhibit 2. SST imports and sells bearings and sprockets through representatives such as plaintiff to customers that purchase such products for resale.

On or about May 29, 1997, plaintiff and SST entered into a "Warehousing Agreement," attached hereto and made part hereof as Exhibit 3, which called for the warehousing and shipping of defendant's products within plaintiff's designated sales territory. The warehouse was in Pottstown, Pennsylvania. SST terminated its Sales Representative Agreement with plaintiff, by letter dated March 23, 1999. The Sales Representative Agreement required that if either party wanted to terminate the agreement, with or without cause, then the party must give at least thirty days' prior written notice of termination to the other party. *See* Exhibit 2, ¶ 10. The termination letter stated that commissions would only be paid for invoices processed through March 22, 1999. Defendant not only failed to give the notice required in the Sales Representative Agreement, but even terminated the agreement the day before notice was given. The Sales Representative Agreement also required that upon termination, plaintiff would be entitled to commissions on all orders received by SST prior to the termination of the agreement, regardless of the time of shipment of defendant's products. SST has yet to compensate plaintiff for all commissions due and owing to plaintiff, as required by the Sales Representative Agreement.

Similarly, the Warehousing Agreement provided that either party may terminate the agreement, with or without cause, by giving sixty days' prior written notice of termination to the

2

other party.  However, defendant never gave plaintiff any notice of termination of the Warehousing Agreement.  Further, pursuant to the Warehousing Agreement, defendant was required to pay plaintiff shipping commissions at the rate of 5 percent of the invoice price of each item shipped within the territories, but has failed to pay all of the shipping commissions due and owing to plaintiff for all products shipped within the territory.

Plaintiff served its First Set of Interrogatories, Request for Production of Documents and Request for Admissions to defendant on September 9, 2002.  *See* Exhibit 4, attached hereto and made part hereof.  On October 9, plaintiff faxed defendant a letter to inquire about the status of defendant's discovery responses.  Later on October 9, 2002, defendant faxed its discovery responses over to plaintiff.  *See* Exhibit 5, attached hereto and made part hereof.  Ultimately hoping to avoid filing this motion, plaintiff was dismayed to learn however that defendant had not produced substantive discovery responses, with almost every answer and response to plaintiff's interrogatories and requests for production of documents referring to a list of general objections, with no mention of which objections were applicable and then thereby refusing to answer the interrogatory.

In light of the November 20, 2002 arbitration date set for this case, and the possibility of having to take depositions in the case, it was of the utmost importance for plaintiff to receive complete and timely responses to plaintiff's discovery requests.  Plaintiff contacted defense counsel and asked if more documents and/or complete responses to plaintiff's discovery requests would be forthcoming.  In response, defense counsel requested from plaintiff an identification of disputed responses in writing.  As plaintiff tried to point out to defense counsel, many of the responses referenced defendant's list of general objections without further specificity.  According

to the Federal Rules of Civil Procedure ("Federal Rules"), the party responding to discovery is required to state its objections to each interrogatory and request for production of documents with specificity. *See Getek v. Ohio Casualty Insurance Co.*, 1994 WL 18236, at *3 (E.D.Pa. 1994) (stating that general objections to requests for production of documents, without further specification, and without supplying a list of documents allegedly privileged and in what category of privilege, was in violation of Rule 34(b) of the Federal Rules); Fed.R.Civ.P. 33(b)(4), 34(b), 37(a)(3).

The discovery requests have been made by plaintiff, in which case the onus is on defendant to respond to them in a manner consistent with the Federal Rules. In many cases here, defendant utterly failed to pinpoint its objections with the requisite specificity. Although plaintiff received defendant's discovery responses by fax on or about the deadline for receiving them, plaintiff demonstrates in this motion that efforts to secure complete and non-evasive responses to its requests without resorting to court action have proven futile. Given that it is about six weeks away from the arbitration date, plaintiff feels that it is left with no other option but to file this motion. Therefore, plaintiff respectfully requests the Court to compel defendant to respond fully to plaintiff's First Set of Interrogatories and Request for Production of Documents, and without objection.

III.   Interrogatories And Requests For Production Of Documents

   INTERROGATORY NOS. 5, 6 AND 10

5.   Please identify every instance in which an order for products manufactured, sold or distributed by defendant was placed by or sold or delivered to a customer within plaintiff's territory and plaintiff was not paid a commission for such sale or delivery, regardless of when the product was shipped, setting forth the product(s) sold, and the date

4

each order was placed and the dollar amount of each sale, from February 24, 1997 until and including April 22, 1999.

Answer:	See General Objections

6.	As to each sale and delivery identified in the preceding interrogatory, please set forth each reason that a commission was not paid, identifying all documents, correspondence and/or communication relating to that reason.

Answer:	See General Objections and response to Interrogatory No. 5

10.	Please identify the total dollar amount of sales of defendant's products made in plaintiff's territory, broken down by month, identifying, also, the total dollar amount of the invoice price for each shipment made in each month, from February, 1997 until the month of the last shipment on orders placed up to an including April 22, 1999. Please identify all computerized summaries on other summaries from which this information can be obtained.

Answer:	See General Objections

Argument: Interrogatory Nos. 5, 6 And 10

In Interrogatories 5, 6 and 10, plaintiff seeks information relating to sales and shipments relevant to plaintiff's territory and the commissions made therefrom. The information requested in these interrogatories is highly relevant in determining damages, as it would provide a basis for determining not only how much SST owes plaintiff in commissions, but also the reasons that defendant apparently claims that certain sales did not result in commissions. Defendant refuses to identify and produce this information, citing to the list of general objections. From defendant's responses, plaintiff cannot determine on what basis defendant is objecting to these interrogatories, and, more importantly, they do not allow plaintiff to know what documents contain the requested information. Further, the information sought by plaintiff is maintained by defendant in its ordinary course of business, and undoubtedly maintained in computer format. Defendant could not make the argument that such information is not readily available to it. The

information contained in SST's computer system can be easily accessed to provide plaintiff with the information sought. Of significant importance, too, is the fact that this information is more readily available to defendant than to plaintiff. Therefore, defendant should be required to provide the information sought, in useable form, fully and without objection and to do so immediately, so as not to delay these proceedings further.

<u>Interrogatory No. 8</u>

8.      Please identify any and all of plaintiff's commission statements that were generated while plaintiff was defendant's representative to sell SST products, including the dates of the commission statements, the total amount of commissions plaintiff was paid, as listed on each commission statement, and the itemization of each amount deducted from plaintiff's commissions.

Answer:      See General Objections

<u>          Argument: Interrogatory No. 8</u>

Plaintiff incorporates by reference its argument in connection with Interrogatory Nos. 5, 6 and 10. Again, defendants have generally objected to this interrogatory with no specificity. The information that plaintiff seeks here, relating to plaintiff's commission statements, is also indisputably relevant to ascertaining damages. Defendant represented that it was in the process of summarizing voluminous commission statements generated during the time plaintiff acted as SST's sales representative, but did not give a date as to when it would be ready for inspection by plaintiff, nor a reasonable explanation as to why they were not already prepared within the required deadline mandated by the Federal Rules. In addition, defendant did not inform plaintiff of its need for an extension of time to finish summarizing such statements, nor was such an explanation given in its discovery responses. Therefore, defendant should be required to provide the information sought, in useable form, fully and without objection and to do so immediately, so

as not to delay these proceedings further.

Interrogatory Nos. 1, 7, 9 And 11

1. Please identify any and all orders for SST's products shipped into or sold in plaintiff's territory, from February 24, 1997, until May 22, 1999, that were ultimately rejected by SST and the reasons for each such rejection. State the date that each such order was placed, identifying all documents, correspondence and communication containing the information requested in this interrogatory.

Answer: See General Objections

7. Please identify, by month, the total dollar amount of defendant's products shipped to plaintiff's territory, exclusive of products shipped to plaintiff's warehouse from February 24, 1997 until and including May 22, 1999. Please identify all computerized summaries or other summaries from which this information can be obtained.

Answer: See General Objections. Defendant further objects on the basis that the Warehousing Agreement at issue in this case did not require a warehouse commission to be paid for products not shipped to Plaintiff's warehouse.

9. Please identify any and all documents and/or correspondence that contain references to the Warehousing Agreement, including documents and/or correspondence that discuss the interpretation of the Warehousing Agreement, or any portion thereof.

Answer: See General Objections. Subject to and without waiving these objections, Defendant believes such documents are already in Plaintiff's possession.

11. Please identify all statements, by month, generated by defendant in order to calculate and to pay warehousing fees to plaintiff. State, by month, the amount of warehousing fees paid by defendant to plaintiff.

Answer: See General Objections.

Argument: Interrogatory Nos. 1, 7, 9 And 11

Plaintiff incorporates by reference its arguments in connection with Interrogatory Nos. 5, 6 and 10 and No. 8. Interrogatories 1, 7, 9 and 11 deal with the Warehousing Agreement at issue in this case. Defendant responds to these interrogatories with general objections and to No. 7 with the contention that the Warehouse Agreement "did not require a warehouse commission to

be paid for products not shipped to plaintiff's warehouse." Paragraph 9 of the Warehousing Agreement, attached hereto and made part hereof as Exhibit 3, provides that SST "will compensate [Power Component] by payment of a warehousing/shipping commission at the rate of five percent (5.0%) of the invoice price only of each item shipped within the territories (or outside the territories if so instructed by the Company) . . . ." *See* Exhibit 3. Defendant's answer to Interrogatory No. 7 is completely unresponsive to Interrogatory No. 7, as well as being an incorrect interpretation of the contract. In connection with Interrogatory No. 9, defendant, in addition to generally objecting to the interrogatory, also objects on the basis that the documents asked for are within plaintiff's possession. They are not. Plaintiff is requesting the price of defendant's products shipped into the plaintiff's territory, not only that shipped from plaintiff's warehouse. Again, defendant does not respond to this interrogatory completely. Defendant does not identify documents, if any, that contain references to the Warehousing Agreement, as requested in Interrogatory No. 9. The information requested in Interrogatory No. 11 is needed for determining damages that resulted from the breach of the Warehousing Agreement, one of plaintiff's major claims against defendant. As defendant gave a general objection to this interrogatory, defendant fails to adequately respond, for reasons discussed in preceding sections and incorporated here by reference. As these interrogatories are asking for information that is highly relevant for the purpose of ascertaining damages in this case, defendant should be compelled to provide the information sought, in useable form, fully and without objection and to do so immediately, so as not to delay these proceedings further.

Interrogatory No. 4

4. Please identify each and every product being sold in the United States, from defendant's line of bearings and sprockets, including the name of any make, model, serial number of any other product identifier, at any time from and including February 24, 1997 to and including May 27, 1999. Include the dates when defendant began and stopped selling any such product if it was not offered for sale throughout the said time period.

Answer: See General Objections.

Argument: Interrogatory No. 4

Plaintiff incorporates by reference its arguments in connection with Interrogatory Nos. 1, 5, 6 and 10, No. 8, Nos. 1, 7, 9 and 11 and Request for Production No. 3. In Interrogatory No. 4, plaintiff merely seeks the names and/or other identifiers of products sold by defendant and when defendant began and stopped selling such products if they were not offered for sale throughout the time period mentioned. This information is highly relevant in allowing plaintiff to determine which products were on the market at the time plaintiff acted as SST's sales representative, which would aid in determining damages in the form of unpaid commissions. Defendant generally objects to this interrogatory, again citing to the list of general objections. To especially reiterate a point incorporated in this section by reference, plaintiff cannot determine, based on defendant's response, on what basis defendant is objecting to these interrogatories. Defendant's answer to this interrogatory, as with the others, is wholly deficient and defendant must be required to provide the information sought, in useable form, fully and without objection and to do so immediately, so as not to delay these proceedings further.

Interrogatory No. 12, 13 And Request For Production No. 6

12. Please identify all expert witnesses you may call at trial, including any individual retained to provide expert testimony in this case or any employee or independent contractor of

9

defendant whose duties involve giving expert testimony, and provide the following information with respect to each such individual: a complete statement of all opinions to be expressed and the basis and reasons therefore; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the last ten years and the *curriculum vitae* of the witness; any compensation to be paid to the expert in connection with this case; and a list of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

Answer:    See General Objections. Subject to and without waving these objections, Defendant states it does not presently intend to all any expert witness at trial. Defendant will supplement this response to the extent it is required to do so by Local Rules and/or the Court's Orders.

13.    Please identify each witness you intend to have testify at trial and as to each, set forth his or her occupation, his or her employer, his or her position and what each person is expected to testify.

Answer:    See General Objections. Subject to and without waiving these objections, Defendant states that, as this case is in its initial stages, Defendant has not yet determined each witness it intends to have testify at trial. Defendant presently anticipates that, at a minimum, it may call Jim Judd (VP Sales) and Sharon Price (Purchasing and Executive Assistant), both current employees of Defendant, as witnesses at trial. Any contact with such individuals, should be arranged, if at all, only through Defendant's counsel. Defendant may also call the President of PCS, Bryce Manthorne, as a witness at trial. Defendant will supplement this response to the extent it is required to do so by the Local Rules and/or the Court's Orders.

Request for Production No. 6

6.    Please produce the *curriculum vitae* of and all reports prepared by any expert witness that you intend to call at a trial of this matter.

Answer:    See response to Interrogatory No. 12. Defendant will supplement this response to the extent it is required to do so by the Local Rules and/or the Court's Orders.

<u>Argument: Interrogatory No. 12, 13 And Request For Production No. 6</u>

Plaintiff incorporates by reference its arguments in connection with Interrogatory Nos. 5, 6 and 10, No. 8, Nos. 1, 7, 9 and 11 and No. 4. In Interrogatory Nos.12 and 13 and Request for

10

Production No. 6, plaintiff seeks information concerning expert witnesses and other witnesses to be called at trial, respectively. Under "normal" circumstances, defendant's answers may suffice as completely responsive to plaintiff's requests. However, with six weeks until trial, despite and contrary to defendant's characterization of the case being in "its initial stages," a response that defendant has not yet determined each witness it intends to call to trial cannot suffice as fully responsive to Interrogatory No. 13. As for Interrogatory No. 12, plaintiff must know, conclusively, whether defendant is going to call an expert witness, given the time constraints of this case. Depending on the nature of defendant's comprehensive discovery responses required by the Federal Rules, plaintiff may have to take depositions of various witnesses in preparation for trial. Therefore, plaintiff respectfully requests the Court to compel defendant to provide a complete list of witnesses defendant intends to call at trial, and pursuant to Request for Production No. 6, the *curriculum vitae* of any proposed expert witnesses.

### Interrogatory Nos. 2, 3 And Request For Production No. 2

2. Please identify all documents, correspondence and/or oral communications that is an agreement or may constitute the basis of an agreement between the parties, including any written or oral modifications or amendments to each agreement.

Answer:   See General Objections. Subject to and without waiving these objections, the Sales Representative Agreement and the Warehousing Agreement, as modified by a May 12, 1998 amendment, constitute the basis of the parties' agreement at issue in this case. Further, the Sales Representative Agreement was modified and/or amended by the Warehousing Agreement. All of these documents are already in the possession of Plaintiff.

3. Please identify any and all documents and/or correspondence that contains references to the Sales Representative Agreement, including documents and/or correspondence that could aid in the interpretation of the Sales Representative Agreement.

Answer:   See General Objections. Subject to and without waiving these objections, Defendant believes such documents are already in Plaintiff's possession.

Request for Production No. 2

2.  Please produce all contracts and agreements executed by and between the parties, and any and all amendments and modifications thereto.

Answer:   See General Objections. All contracts, agreements and amendments are already in Plaintiff's possession.

Argument: Interrogatory Nos. 2, 3 And Request For Production No. 2

Plaintiff incorporates by reference its arguments in connection with Interrogatory Nos. 5, 6 and 10, No. 8, Nos. 1, 7, 9 and 11, No. 4 and No. 13. In Interrogatory Nos. 2 and 3 and Request for Production No. 2, plaintiff seeks not only the Agreements that constitute the basis of this lawsuit, but also any and all other documents, correspondence and/or communications that is an agreement or may constitute the basis of an agreement between the parties. Defendant does not indicate the existence or non-existence of such documents. For this reason, and together with the arguments incorporated herein by reference, defendant must be compelled to respond to Interrogatory Nos. 2 and 3 and Request for Production No. 2 and provide the information sought, in useable form, fully and without objection and to do so immediately, so as not to delay these proceedings further.

Interrogatory No. 14 And Request For Production No. 5

14. With respect to any paragraph in the Complaint in this action that you denied in whole or in part, please identify the specific factual basis for such denial and identify any documents, correspondence and/or communications supporting the basis for such denials.

Answer:   See General Objections. Subject to and without waiving these objections, those allegations in Plaintiff's Complaint that Defendant denied, in whole or in part, were denied because they were not accurate. Defendant refers Plaintiff to the Sales Representative Agreement, the Warehousing Agreement and the documents attached to Defendant's responses to Plaintiff's Request for Document Production, which all support Defendant's position.

Request for Production No.5

5. Please produce all documents, not otherwise requested, upon which you base your defense of this action, your counterclaim and/or that you intend to introduce at trial of this matter.

Answer: See documents attached at Tab A. Defendant will supplement this response to the extent that it is required to do so by the Local Rules and/or the Court's Orders.

<u>Argument: Interrogatory No. 14 And Request For Production No. 5</u>

Plaintiff incorporates by reference its arguments in connection with Interrogatory Nos. 5, 6 and 10, No. 8, Nos. 1, 7, 9 and 11, No. 4, No. 13 and No. 14. Interrogatory No. 14 and Request for Production No. 5 direct defendant to identify the specific factual basis for any denials of allegations in the Complaint of this action, to identify the factual bases supporting defendant's position and to produce documents to that effect. Defendant generally objects and claims that allegations in plaintiff's Complaint that were denied were denied because they were not accurate. Defendant's response to Interrogatory 14 is not responsive at all to what is being requested, and in addition, does not contain objections stated with the specificity required by the Federal Rules. *See* Fed.R.Civ.P. 33(b)(4).

For Request for Production No. 5, defendant attached "Tab A" to its discovery responses, which consisted of a handful of invoices and records of commissions paid. These are the only documents, in connection with its discovery requests, that plaintiff has received from defendant or that defendant will voluntarily produce. Also, defendant does not identify the documents they attach in Tab A of its responses, as directed in Interrogatory No. 14. As a result, the documents produced by defendant, under Request for Production No. 5 is incomprehensible, and not in a useable form. Based on the foregoing discussion in this section, and together with the arguments

13

incorporated herein by reference, defendant must be compelled to respond to Interrogatory No. 14 and Request for Production No. 5 and provide the information sought, in useable form, fully and without objection and to do so immediately, so as not to delay these proceedings further.

Request For Production No. 1

1. Please produce all documents identified and requested to be identified, as instructed, in response to plaintiff's first set of interrogatories, providing summaries as explained in the "Definitions" section of this document.

Answer:   See General Objections.

Argument: Request For Production No. 1

Plaintiff incorporates by reference its arguments in connection with all preceding sections. In Request for Production No. 1, plaintiff asks for the production of all documents requested to be identified in its interrogatories. Defendant cites to its list of general objections, which is wholly unresponsive pursuant to the Federal Rules, as discussed in preceding sections. Defendant must be compelled to respond to Request for Production No. 1 and provide the information sought, in useable form, fully and without objection and to do so immediately. For this reason, and together with the arguments incorporated herein by reference, defendant must be compelled to respond to Request for Production No. 5 and provide the information sought, in useable form, fully and without objection.

CONCLUSION

For the reasons set forth above, plaintiff, Power Component, respectfully requests that defendant be compelled to respond completely and without objection to certain discovery requests contained within plaintiff's First Set of Interrogatories and Request for Production of

14

Documents fully and without objection.

                                                  Respectfully submitted,

Date: October 14, 2002                             _____

                                                  Mitchell A. Kramer
                                                  KRAMER & KRAMER, LLP
                                                  1077 Rydal Road, Suite 100
                                                  Rydal, PA 19046
                                                  (215) 887-9030

Local Rule 26.1 Certification

I, Mitchell A. Kramer, attorney for plaintiff, Power Component Sales Co., submit this certification pursuant to Local Rule 26.1. I have attempted to resolve the discovery disputes addressed in this motion and, after reasonable and good faith effort, have been unable to resolve the disputes, as set forth in the attached memorandum of law and accompanying exhibits.

_____
Mitchell A. Kramer

## CERTIFICATE OF SERVICE

I, Mitchell A. Kramer, attorney for Plaintiff , hereby certify that I have this date served a true and correct copy of Plaintiff's Motion to Compel Discovery via fedex, overnight delivery on counsel for defendant as follows:

> Kathryn A. Dux
> GERMAN, GALLAGHER & MURTAGH
> Fifth Floor, The Bellevue, 200 S. Broad Street
> Philadelphia, PA 19102
>
> Deborah R. Lydon, Esquire
> DINSMORE & SHOHL, LLP
> 1900 Chemed Center
> 255 E. 5th Street
> Cincinnati, OH 45202

_____
Mitchell A. Kramer
KRAMER & KRAMER, LLP
Attorney for Plaintiff

Dated: October 14, 2002