IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| POWER COMPONENT SALES CO. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | NO: 02-2740 |
| SST BEARING CORPORATION | : | Judge Petrese B. Tucker |

PLAINTIFF'S REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS

Defendant responds to plaintiff's motion to compel by essentially arguing that it does not believe plaintiff's case has merit or is worth a substantial amount of money. For example, defendant suggests that it had the right to terminate plaintiff without notice because that termination was for cause. Plaintiff disputes this, and notes that the letter terminating the Sales Representative Agreement made no reference to the termination being for cause. Defendant never gave plaintiff notice of the termination of the Warehousing Agreement.

Defendant further argues that because it does not attribute substantial value to the case, it is trying to keep costs low, and states that "extensive information relative to Plaintiff's claims may not, in fact, exist today." Plaintiff has the right to know what information does and does not exist. Defendant goes on to argue that it does not wish to produce information without a protective order. However, defendant has not moved the Court for such an order, and has not met its burden of demonstrating a specific need for such an order. *See* Fed.R.Civ.P. 26(c)(7); *Glenmede Trust Co. v. Thompson*, 56 F.3d 476, 483 (3d Cir. 1995).

As detailed in plaintiff's motion, plaintiff claims that defendant failed to pay substantial commissions due under the parties' contracts. The parties do not, as defendant suggests, agree on the amount of commissions in dispute, or, apparently, on the meaning of various provisions in

the parties' agreements. However, a motion to compel does not seem to be the appropriate place to debate these issues. Plaintiff has the right, under Fed.R.Civ.P. 26(b)(1) to seek discovery of all relevant matters or those reasonably calculated to lead to the discovery of admissible evidence.

Plaintiff simply seeks complete responses to proper discovery sufficiently in advance of the upcoming November 20, 2002 arbitration so that depositions can be taken in this case if necessary. Due to the nature of these claims for unpaid commissions, plaintiff cannot fully prepare to take depositions prior to receipt of responses to interrogatories, and even more important, documents. In this case, plaintiff seeks commissions on sales made by defendant within plaintiff's designated territory. The nature of this dispute means that much of the information regarding plaintiff's damages is in the sole possession and control of defendant. Plaintiff must receive the information sought in a timely manner so that the parties can have a complete and meaningful arbitration.

## CONCLUSION

For the reasons set forth above, plaintiff, Power Component, respectfully requests that defendant be compelled to respond to the discovery requests at issue fully and without objection.

Respectfully submitted,

Date: October 31, 2002

_____
Mitchell A. Kramer
KRAMER & KRAMER, LLP
1077 Rydal Road, Suite 100
Rydal, PA 19046
(215) 887-9030

## CERTIFICATE OF SERVICE

I, Mitchell A. Kramer, attorney for Plaintiff , hereby certify that I have this date served, by first class mail, a true and correct copy of Plaintiff's Reply Memorandum of Law In Support of Motion to Compel Responses to Plaintiff's First Set of Interrogatories and Request for Production of Documents on counsel for defendant as follows:

>Kathryn A. Dux
>GERMAN, GALLAGHER & MURTAGH
>Fifth Floor, The Bellevue, 200 S. Broad Street
>Philadelphia, PA 19102
>
>Deborah R. Lydon, Esquire
>DINSMORE & SHOHL, LLP
>1900 Chemed Center
>255 E. 5th Street
>Cincinnati, OH 45202

>_____
>Mitchell A. Kramer
>KRAMER & KRAMER, LLP
>Attorney for Plaintiff

Dated: October 31, 2002